# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**DANA STILLWAGON,**

**Plaintiff,**

**vs.**                                    **CIVIL ACTION NO.:**   2:19-cv-00768

**JPMORGAN CHASE BANK, N.A.,**
**Defendant.**

### COMPLAINT AND DEMAND FOR JURY TRIAL

*Introduction*

In 1991, Congress enacted the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §227 to protect consumers from debt collectors and telemarketers.  In doing so, Congress recognized that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call . . ." 47 U.S.C. §227, Congressional Statement of Findings No. 13.  Specifically, in enacting the TCPA, Congress outlawed unsolicited automated or pre-recorded telephone calls finding:

> Evidence compiled by the Congress indicates that residential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy.

> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

47 U.S.C. § 227, Congressional Statement of Findings No. 10 and No. 12.  Moreover, the West Virginia Legislature found that additional protections were needed and passed the West Virginia Consumer Credit and Protection Act (herein "WVCCPA"), which is a hybrid of the Uniform Credit Code and the National Consumer Act, to further protect West Virginians from consumer

abuses.  This consumer action concerns the Defendant's disregard for those protections, provided by the TCPA and the WVCCPA, in its attempts to collect a debt from Plaintiff.

### *The Parties*

1.      The Plaintiff, Dana Stillwagon, is a resident of Kanawha County, West Virginia, and resides in the Southern District of West Virginia.

2.      The Plaintiff is a person who falls under the protection of Article 2 of the WVCCPA and is entitled to the remedies set forth in Article 5 of the WVCCPA.

3.      The Defendant, JPMorgan Chase Bank, N.A., hereinafter "Chase" or "Defendant," is a corporation having its principal offices in a state other than West Virginia and which does business in West Virginia.

4.      The Defendant is a debt collector as defined by West Virginia Code § 46A-2-122(d) engaging directly or indirectly in debt collection, as defined by West Virginia Code § 46A-2-122(c), within the State of West Virginia, including Cabell County, West Virginia.

### *Jurisdiction*

5.      This Court has Jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

### *Factual Allegations*

6.      The Plaintiff has a telephone number that is assigned to a cellular telephone service.

7.      After the Plaintiff became in arrears upon the alleged indebtedness to Defendant, the Defendant began to engage in collection of such indebtedness through the use of telephone calls placed to the Plaintiff, by written communications, and did otherwise communicate with the Plaintiff to collect the alleged debt.

8.     Upon information and belief, Defendant placed multiple calls to the Plaintiff's cellular

phone using an "automatic telephone dialing systems" (ATDS), and those calls were not

regarding an emergency or about a debt owed to the United States, in violation of 47

U.S.C § 227(b)(1)(A).

9.     All calls placed by the Defendant were to the Plaintiff's cellular telephone.

10.    On February 20, 2019, the Plaintiff asked the Defendant to stop calling her cellular

telephone, thereby revoking any consent to call that the Defendant may have had.

11.    The Plaintiff used reasonable means in revoking the Defendant's consent to call her

cellular telephone, when she verbally requested that the Defendant stop calling her during

a phone call with the Defendant.

12.    However, the Defendant continued to cause telephone calls to be placed to the Plaintiff's

cellular telephone.

13.    Upon information and belief, the Defendant maintains records of each call placed to the

Plaintiff by date, time called, duration of call, the identity of any of the Defendant's

employees involved in the call, and the notes or codes placed upon such record by the

Defendant's employee(s).

14.    Such records will reflect that the Defendant placed telephone calls to the Plaintiff's

cellular telephone number after the Plaintiff revoked the Defendant's consent to place

calls to that phone.

15.    The Defendant's multiple calls caused the Plaintiff's telephone to ring repeatedly or

continuously with the intent to annoy, abuse, or harass the Plaintiff.

16.    Upon information and belief, at no time did the Plaintiff provide prior express permission

for anyone to call her cellular telephone number using an ATDS.

17. On or about April 15, 2019, the Plaintiff's counsel sent the Defendant a notice of right to cure, pursuant to § 46A-6-106 and § 46A-5-108 of The West Virginia Consumer Credit and Protection Act ("WVCCPA"), in regard to the continued collection calls placed to the Plaintiff.

18. The notice of right to cure letter was delivered to the Defendant on April 26, 2019.

19. To date, Plaintiff's counsel has not received a response from the Defendant regarding the right to cure letter.

20. However, the Plaintiff has continued to receive phone calls from the Defendant.

21. As a result of the Defendant's actions, the Plaintiff lost time in dealing with the Defendant's unwanted calls and lost the ability to make calls during the time that her phone line was tied up by the Defendant's calls.

## COUNT I

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

22. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

23. Upon information and belief, the Defendant used an automatic telephone dialing system (ATDS) as defined by 47 U.S.C. § 227 (a)(1), when it placed each and every call to the Plaintiff's phone number, assigned to a cellular telephone, within the last four years.

24. Upon information and belief, the Defendant initiated calls to Plaintiff's telephone using an ATDS, or artificial, and/or prerecorded voices without the express consent of Plaintiff, in violation of 47 U.S.C. § 227 (b)(1)(A)(iii) of the TCPA.

25. The Plaintiff revoked, by a reasonable means, any authorization the Defendant had to call the Plaintiff's cellular telephone number.

26.  Upon information and belief, the Defendant placed the calls to the Plaintiff willfully and knowingly; and the Defendant's actions, in placing the calls to the Plaintiff, were not accidental.

27.  Pursuant to 47 U.S.C § 227 (b)(3)(B), Plaintiff should receive $500.00 in damages for each such violation of the TCPA and $1,500 for each willful violation.

28.  As a result of the Defendant's actions, the Plaintiff lost time in dealing with the Defendant's unwanted calls, lost the ability to make calls during the time that her phone line was tied up by the Defendant's calls, has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT II

**VIOLATIONS OF THE WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT**

29.  The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

30.  The Defendant has engaged in repeated violations of Article 2 of the West Virginia Consumer Credit and Protection Act, including but not limited to:

   a.  engaging in unreasonable or oppressive or abusive conduct towards the Plaintiff in connection with the attempt to collect a debt by placing telephone calls to the Plaintiff after the Plaintiff requested the Defendant stop calling the Plaintiff in violation of *West Virginia Code* § 46A-2-125;

   b.  causing Plaintiff's phone to ring or engaging persons, including the Plaintiff, in telephone conversations repeatedly or continuously or at unusual times or at times known to be inconvenient, with the intent to annoy, abuse or oppress the Plaintiff after the Plaintiff requested that the Defendant stop calling her in violation of *West Virginia Code* § 46A-2-125(d);

    c.   engaging in unfair and/or unconscionable means in causing Plaintiff's phone to ring repeatedly or continuously or at unusual times or at times known to be inconvenient, with the intent to annoy, abuse or oppress the Plaintiff after the Plaintiff requested that the Defendant stop calling her in violation of *West Virginia Code* § 46A-2-128;

31.    As a result of the Defendant's actions, the Plaintiff lost time in dealing with the Defendant's unwanted calls, lost the ability to make calls during the time that her phone line was tied up by the Defendant's calls, has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT III

### VIOLATION OF THE WEST VIRGINIA COMPUTER CRIMES AND ABUSE ACT

32.    The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

33.    The Plaintiff is a "person" as defined by West Virginia Code § 61-3C-3(n), as the Plaintiff is a "natural person."

34.    The Defendant, JPMorgan Chase Bank, N.A., is a "person" as defined by West Virginia Code § 61-3C-3(n), as the Defendant is a "limited partnership, trust association or corporation."

35.    The Defendant, with the intent to harass, used an "electronic communication device," as defined by West Virginia Code § 61-3C-14a(b)(1), to make contact with the Plaintiff after being requested by the Plaintiff to desist from contacting the Plaintiff in violation of West Virginia Code § 61-3C-14a(a)(2).

36.    The Plaintiff was injured as a result of the violations of the West Virginia Computer Crimes and Abuse Act as set forth above.

37.   The Plaintiff seeks compensatory damages for injuries provided by West Virginia Code § 61-3C-16(a)(1) and punitive damages pursuant to West Virginia Code § 61-3C-16(a)(2).

38.   As a result of the Defendant's actions, the Plaintiff lost time in dealing with the Defendant's unwanted calls, lost the ability to make calls during the time that her phone line was tied up by the Defendant's calls, has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT IV

### VIOLATION OF TELEPHONE HARASSMENT STATUTE

39.   The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

40.   The Defendant placed or caused to be placed telephone calls to the Plaintiff, causing the Plaintiff's telephone to ring repeatedly and continuously with the intent to annoy and harass the Plaintiff, in violation of West Virginia Code § 61-8-16(a)(3).

41.   The Plaintiff was injured by Defendant's violation of West Virginia Code § 61-8-16(a)(3).

42.   As the Plaintiff was injured by the Defendant's violation of West Virginia Code § 61-8-16(a)(3), the Plaintiff has a civil cause of action for damages the Plaintiff sustained by reason of said statutory violation, pursuant to West Virginia Code §55-7-9.

43.   As a result of the Defendant's actions, the Plaintiff lost time in dealing with the Defendant's unwanted calls, lost the ability to make calls during the time that her phone line was tied up by the Defendant's calls, has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT V

### COMMON LAW NEGLIGENCE

44. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

45. The Defendant negligently failed to train, supervise, monitor or otherwise control its employees to ensure that its employees did not violate the TCPA and WVCCPA as alleged in Counts I and II.

46. The Defendant failed to properly train its employees and staff to avoid violations of state and federal debt collection laws.

47. The Defendant does not have appropriate policies and procedures in place for compliance with state and federal debt collection laws.

48. The Plaintiff's damages are a proximate cause of the Defendant's conduct as outlined in this Complaint.

49. As a result of the Defendant's actions, the Plaintiff lost time in dealing with the Defendant's unwanted calls, lost the ability to make calls during the time that her phone line was tied up by the Defendant's calls, has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT VI

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

50. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

51. The following conduct of the Defendant was atrocious, intolerable and extreme so as to exceed the bounds of decency:

a.   The Defendant placed telephone calls to the Plaintiff after the Defendant knew that the Plaintiff had revoked its authorization to call her, in gross violation of the TCPA and the WVCCPA;

b.   The Defendant has adopted policies and procedures without regard to state and federal law, which violate state and federal law, and are designed to, or have the effect of, inflicting emotional distress upon consumers to coerce the consumer to pay money to the Defendant;

c.   Insofar as the Defendant's violations of the WVCCPA are deemed to be willful, pursuant to West Virginia Code § 46A-5-103(4) such conduct is, as a matter of law, criminal conduct punishable by fine and/or imprisonment;

d.   Insofar as the Defendant's conduct caused a phone to ring with the intent to harass, such conduct is criminal conduct pursuant to West Virginia Code § 61-8-16(a)(3) and punishable by fine and/or imprisonment;

e.   Insofar as the Defendant's conduct constituted knowingly allowing a phone under the Defendant's control to be used to harass any person, such conduct is criminal conduct proscribed by West Virginia Code § 61-8-16(b) and is punishable by fine and/or imprisonment.

52.   As a result of the Defendant's actions, the Plaintiff has suffered emotional distress.

53.   As a result of the Defendant's actions, the Plaintiff lost time in dealing with the Defendant's unwanted calls, lost the ability to make calls during the time that her phone line was tied up by the Defendant's calls, has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT VII

### COMMON LAW INVASION OF PRIVACY

54.     The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

55.     The Plaintiff had, and has, an expectation of privacy to be free from harassing and annoying telephone calls within the confines of Plaintiff's home.

56.     The acts of the Defendant, in placing telephone calls to Plaintiff's cellular phone, invaded, damaged, and harmed Plaintiff's right of privacy.

57.     As a result of the Defendant's actions, the Plaintiff suffered emotional distress.

58.     As a result of the Defendant's actions, the Plaintiff lost time in dealing with the Defendant's unwanted calls, lost the ability to make calls during the time that her phone line was tied up by the Defendant's calls, has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

### *Demand for Relief*

The Plaintiff demands from the Defendant:

a.   An award of the statutory damages in the amount of $500.00 for each violation of the TCPA, as authorized by 47 U.S.C. § 227 (b)(3)(B), and $1,500 for each willful violation of the TCPA, as authorized by 47 U.S.C. § 227 (b)(3)(C);

b.   Actual damages for the violations of the WVCCPA, as authorized by *West Virginia Code* § 46A-5-101(1), for all such violations that occurred up to the date and time of the filing

of this complaint;

c.  Statutory damages in the maximum amount authorized by *West Virginia Code* § 46A-5-101(1), as adjusted for inflation pursuant to *West Virginia Code* § 46A-5-106, for all such violations that occurred up to the date and time of the filing of this complaint;

d.  Plaintiff's cost of litigation, including attorney fees, court costs and fees, pursuant to *West Virginia Code* § 46A-5-104;

e.  General damages for the Defendant's negligence, as alleged in Count V;

f.  General damages and punitive damages for Defendant's conduct, as alleged in Count VI and VII; and

g.  Such other relief as the Court shall deem just and proper under the attendant circumstances.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE**

**DANA STILLWAGON**
By Counsel

BY:     /s/Megan A. Patrick_____
        Benjamin M. Sheridan (WVSB #11296)
        Megan A. Patrick (WVSB #12592)
        Klein & Sheridan, LC
        3566 Teays Valley Road
        Hurricane, WV 25526
        T: (304) 562-7111
        F: (304) 562-7115
        E: mpatrick@kswvlaw.com
        *Counsel for Plaintiff*